**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

SYLVESTER BURKES                                                                    PLAINTIFF

VS.                                                      Civil Action No. 3:06cv142HTW-LRA

LEAKE COUNTY SHERIFF GREGORY WAGGONER,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;
LEAKE COUNTY INVESTIGATOR MARK WILCHER,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;
LEAKE COUNTY JUSTICE COURT JUDGE
CAROLYN WILCHER-THOMAS, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY; DISTRICT
EIGHT DISTRICT ATTORNEY MARK DUNCAN,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;
AND DISTRICT EIGHT ASSISTANT DISTRICT
ATTORNEY ROBERT BROOKS, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY                                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before this court are defendants' various motions urging dismissal or summary judgment. Defendants Robert Brooks and Mark Duncan, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,[1] filed a joint motion to dismiss [docket # 25]. Defendants Gregory Waggoner, Mark Wilcher, and Judge Carolyn Wilcher-Thomas each filed motions for summary judgment [docket #s 32, 35] claiming as authority Rule 56(b)(c) of the Federal Rules of Civil Procedure.[2] Each of these motions rests on asserted defenses of immunity under federal law, as well as exemption from liability for

---

[1] Federal Rule Civil Procedure 12(b)(6) entitles a party in a lawsuit to dismissal of a claim upon motion and a showing of a "failure to state a claim upon which relief can be granted."

[2] Federal Rule Civil Procedure 56 entitles a party in a lawsuit to summary judgment upon motion and a showing that "there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law."

state law claims under the Mississippi Tort Claims Act. Miss. Code. Ann. §11-46-9(a, b, and d). Although plaintiff opposes the motion, this court is persuaded to grant each for the reasons which follow.

**Factual Background**

On September 17, 2004, Peggy Nowell was beaten and robbed inside her store, Pearl Mini Mart. Nowell died the following day, September 20, 2004. Defendants Sheriff Gregory Waggoner [Waggoner] and Investigator Mark Wilcher [Wilcher] investigated the crime against Nowell and, based on statements obtained from informants, identified Burkes as a suspect. *See* Motion for Summary Judgment by Waggoner, Wilcher, Exh. N, P, and R. These statements implicated Burkes as the driver of the car, and a second individual as the man who had assaulted and robbed Nowell.

Later, Burkes voluntarily submitted to two polygraph examinations, which yielded conflicting results as to his whereabouts at the time of the robbery, and which he failed. *Id.*, Exh. H. Based on the information obtained, defendants requested Justice Court Judge Carolyn Wilcher-Thomas (Wilcher-Thomas) to issue search warrants for evidence relating to the crime. *Id.*, Exh. S.

This search warrant request was supported by a statement entitled Underlying Facts and Circumstances which was signed by Leake County, Mississippi, Sheriff Greg Waggoner and dated September 20, 2004. Among other things, the statement asserted that Sheriff Waggoner had learned from a confidential informant that stolen property and property of evidentiary value were located in the residence of Bobby Walker and Sylvester Burkes, and that Sylvester Burkes had beaten Peggy Nowell on

Friday evening, September 19, 2004.  The confidential informant also reported to Sheriff Waggoner that Sylvester Burkes was flashing money just after the robbery had been committed, and that Sylvester Burkes bragged that he had robbed and beaten the woman at the Pearl Mini Mart.

Sylvester Burkes was arrested on September 19, 2004, on a prior outstanding warrant for trespass dated July 7, 2004, and issued by Justice Court Judge Ruby Graham, Justice Court Judge for Leake County, Mississippi.  This warrant was supported by the affidavit of Corine Johnson who stated that Sylvester Burkes had come to her house on July 7, 2004, and attempted to gain entry.  When Johnson made him leave, Johnson said that Sylvester Burkes threw a rock at her house and said that he would "blow up" her house.

Defendant Judge Wilcher-Thomas issued search warrants on September 20, 2004, authorizing Waggoner and Wilcher to search the homes at 1070 and 1074 Hudson Road occupied by Sylvester Burkes, Bobby Walker, and other unknown persons.  Judge Wilcher-Thomas' search warrant also targeted: (1), another residence at Highway 487 and Pepper Ridge Road which was occupied by Sylvester Burkes and one Michelle White; and (2), the residence of Clyde and Annette Gilbert.

The next day, Sheriff Waggoner and Investigator Mark Wilcher obtained items of plaintiff's clothing from these locations and submitted those items to the Mississippi State Crime Lab for serological examination.  Burkes's fingerprints were also submitted to the Crime Lab for comparison to prints taken from the crime scene.  His prints did not match any of the prints obtained at the crime scene.

On the morning of September 22, 2004, one Pete Walker gave a voluntary

statement to Sheriff Waggoner stating that he had seen Sylvester Burkes at about 1:00 or 1:30 A.M. in possession of $800.00 or $900.00 and a lot of dope.  Pete Walker further stated that he did not believe Sylvester Burkes had any money when he had seen  Burkes the preceding Thursday night.  Pete Walker also added that Sylvester Burkes had been packing all his clothes and leaving.

Defendant Robert Brooks [Brooks] appeared at the preliminary hearing held November 4, 2004, as the Leake County, Mississippi, prosecutor.  Brooks called one witness, Wilcher, at the hearing.  Following this hearing, the Judge bound over Burkes to the Leake County Grand Jury to await possible indictment.  On March 2, 2005, the Grand Jury, operating under the standard of probable cause [probable cause to believe both that a crime had been committed and that the defendant had committed that crime], returned a capital murder indictment against Burkes, *see U.S. v. Harris*, 458 F.2d 670, 677-78 (5th Cir. 1972) (indictment by Grand Jury is sufficient to establish probable cause for trial); *Bodne v. King*, 835 So.2d 52, 59 (Miss. 2003) ("indictment is a determination by a grand jury that probable cause exists to hold the person indicted for trial."); *Farris v. State*, 764 So.2d 411, 422 (Miss. 2000) (Grand Jury must meet probable cause standard to return an indictment).  Brooks subsequently prosecuted the case on behalf of Leake County.

Brooks and Duncan, on behalf of the prosecution, announced an intention to seek the death penalty at a hearing held March 1, 2006, before Eighth Circuit Court Judge Marcus Gordon.  Judge Gordon later granted Burkes' motion for a change of venue, and set trial for November 14, 2005, in Scott County, Mississippi.

The criminal lawsuit was not tried, however.  Prior to the commencement of trial,

4

on October 21, 2005, Judge Gordon granted the prosecution's Motion for Nolle Prosequi[3] and dismissed the indictment.

An overjoyed, but vengeful plaintiff now seeks to punish all involved in his prosecution. In this lawsuit, he asserts that defendants Judge Wilcher-Thomas, Waggoner and Wilcher acted with malice in instituting criminal proceedings against him; and that Duncan and Brooks acted with malice in pursuing and maintaining criminal prosecution. All of his accusations are premised on his contention that his arrest and prosecution were never supported by any evidence or probable cause.

In his lawsuit, Burkes asserts state law claims of false arrest, malicious prosecution, negligence, gross negligence, and intentional infliction of emotional distress. Burkes further asserts a §1983 claim, alleging defendants acted under color of state law to deprive him of constitutionally protected rights, privileges, and immunities. He seeks compensatory and punitive damages, as well as attorney fees.

## Motion to Dismiss Standard

A motion to dismiss for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts." *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (quoting *Ward v. Hudnell*, 366 F.2d 247, 249 (5th Cir. 1966). In evaluating such a motion, the court must construe the complaint in the light most favorable to the plaintiff, "accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor." *Lovick v.*

---

[3]"Under Mississippi law, the entry of a nolle prosequi unconditionally dismisses a criminal indictment, but without prejudice to the state to seek re-indictment." *Beckwith v. Anderson*, 89 F.Supp.2d 788, 792 (S.D. Miss. 2000) (citing *De La Beckwith v. State*, 707 So.2d 547, 569 (Miss. 1997)).

*Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (internal cites omitted).  Dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The court may not, however, rely on mere conclusory allegations, unwarranted deductions, or legal conclusions.  *Id.*; *Kane Enterprises v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).  The court may review documents attached to the pleadings, e.g., the warrants and statements at issue here, "where the complaint refers to the documents and they are central to the claim."  *Kane*, 322 F.3d at 374.

An affirmative defense of qualified immunity should be resolved at the earliest possible stage, *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982), and may be resolved by Rule 12(b)(6) if allegations are clearly established within the complaint.  *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 423-27 (5th Cir. 2006); *Muniz v. City of Harlingen*, 247 F.3d 607, 608 (5th Cir. 2001), *Breeden v Univ. of Miss. Medical Center*, 241 F.Supp. 2d 668, 675-76 (S.D. Miss. 2001).  Dismissal of an action is ordinarily unjustified where the plaintiff has had only one opportunity to state his case. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).  Once plaintiff has notice of defendants' immunity claim and is permitted to amend or supplement his pleading in response,[4] the court may presume he has pleaded his best case and the court may proceed with a Rule 12(b)(6) analysis.  *Id.* at 792-793.

---

[4]Plaintiff filed his response to this motion to dismiss [docket # 30], supported by a detailed memorandum of authorities [docket # 31], on July 5, 2006.

**Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 399 (5th Cir. 1996) (quoting Fed. R. Civ. P. 56(c)). Summary judgment is mandated in any case where a party fails to establish the existence of an element essential to the case and on which the party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). Rule 56(c) further requires that the court enter summary judgment if the evidence favoring the non-moving party is not sufficient for the trier of fact to enter a verdict in the non-moving party's favor. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Exxon Corp. v. Burglin,* 4 F.3d 1294, 1297 (5th Cir. 1993).

In response to a motion for summary judgment, the non-moving party must present with specific proof demonstrating a triable issue of fact as to each of the elements required for establishment of the claim or claims asserted. *Washington v. Armstrong World Indus.,* 839 F.2d 1121, 1122–23 (5th Cir. 1988). That said, the court must resolve all reasonable doubts about the existence of a genuine issue of material fact against the movant. *Byrd v. Roadway Express, Inc.*, 687 F.2d 85, 87 (5th Cir. 1982).

**Legal Analysis**

*Judicial Immunity:*

Justice Court Judge Wilcher-Thomas asserts a claim of judicial immunity.

Judicial immunity is an absolute immunity from suit and as such is a threshold matter. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). In determining whether judicial immunity applies, the court must consider only the judge's actions, not intent; thus, allegations of malice alone cannot overcome such a claim. *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005) (internal cites omitted). Judicial immunity can only be overcome by evidence that the challenged actions were either non-judicial in nature, or were taken in the complete absence of jurisdiction. *Id.* (citing *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288, 55 L.Ed. 331 (1991)). The Mississippi Supreme Court has similarly upheld the doctrine of judicial immunity from civil liability, even when the judge clearly exceeds the jurisdiction of the office or acts maliciously or corruptly. *Mississippi Comm'n of Judicial Performance v. Russell*, 691 So.2d 929, 947 (Miss. 1997); *Loyacono v. Ellis*, 571 So.2d 237, 238 (Miss. 1990).

*Mireles* sets forth four factors to aid the court in discerning whether a judge's actions are judicial in nature: 1) whether the act complained of is a normal judicial act; 2) whether the act occurred in the courtroom or judicial chambers; 3) whether the controversy centered around a case then before the court; and, 4) whether the act arose directly out of a visit to the judge in an official capacity. *Id.* at 515.

In the case *sub judice*, Burkes attacks the following acts of Judge Wilcher-Thomas: the issuance of search warrants,[5] issuance of an arrest warrant,[6] and setting

---

[5] Judge Wilcher-Thomas issued search warrants on September 20, 2004, September 22, 2004 and September 30, 2004, all for residences occupied or related to Sylvester Burkes and denominating different items as the objects of each search.

[6] Justice Court Judge Ruby Graham had issued a warrant for Sylvester Burkes' arrest on July 7, 2004, on a charge of trespassing. This is the outstanding warrant Sheriff Waggoner presented when he arrested Burkes on September 19, 2004, for the

of bond at plaintiff's initial appearance.

These acts, though, are all within the scope of normal judicial acts. Each took place in the courtroom or judicial chambers, first as the result of an official visit to the Judge by criminal investigators and then pursuant to the Judge's management of a criminal case pending before her. No party disputes the fact that the Justice Court enjoys jurisdiction over criminal preliminaries,[7] pre-trial matters such as issuances of search warrants, and arrest warrants; and setting of bail. Thus, this court finds each of the challenged acts to be a judicial act entitled to judicial immunity.

Burkes, then, cannot show that Judge Wilcher-Thomas acted non-judicially, nor can he show that she acted in the complete absence of jurisdiction. For purposes of immunity, a judge must merely demonstrate some subject matter jurisdiction. *Id.* at 517. "Jurisdiction" is broadly construed. *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978).

Therefore, this court finds that Judge Wilcher-Thomas clearly acted within the jurisdiction of her office. She is entitled to summary judgment based on judicial immunity. The court, then, dismisses all of plaintiff's claims against her.

*Prosecutorial Immunity:*

Defendants Duncan and Brooks are sued individually for acts taken respectively

---

robbery and murder of Peggy Nowell.

[7]MCA § 99-15-5 provides that, "[a]ny conservator of the peace may, upon a finding of probable cause, by warrant issued under his hand, cause any person charged on affidavit with having committed, or with being suspected of, any offense against the law, to be arrested and brought before him, or before some other conservator of the peace in the proper county. On examination, the conservator of the peace shall commit the offender to jail if the offense be not bailable, and if it be bailable and the offender fail to find bail."

as Leake County District Attorney and Assistant District Attorney.  Plaintiff accuses them of false arrest, malicious prosecution, negligence, gross negligence and intentional infliction of emotional distress.  Duncan and Brooks assert entitlement to prosecutorial immunity.

Criminal prosecutors are entitled to absolute immunity to suit under §1983 for actions taken in the presentation of the state's case.  *Boyd*, 31 F.3d at 285 [citing *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993) for its holding that prosecutorial immunity applies to actions taken in initiating prosecution and carrying the case forward];  *see also Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (absolute immunity shelters prosecutors for acts taken to intitiate prosecution, even when they act with malice or negligence).  The immunity embraces actions taken in initiating a prosecution and in carrying the case forward through the judicial process.  *Id.* (noting this immunity extended even to allegations of offering perjured testimony, malicious prosecution, and conspiracy).  The facts pled by plaintiff fail to allege acts outside the scope of prosecutorial functions.  Defendants Duncan and Brooks are, thus, shielded by prosecutorial immunity.

<u>Qualified Immunity</u>:

The remaining defendants, Leake County Sheriff Waggoner and Leake County Investigator Wilcher, each claim they are entitled to qualified immunity.

Qualified immunity protects government officials from liability for performance of discretionary functions unless a reasonable person would have known that the conduct complained of violated a clearly established legal right.  *Glenn v. Tyler*, 242 F.3d 307, 312 (5th Cir. 2001) (internal cites omitted).  The court applies a two-step analysis, first

determining whether the plaintiff has alleged a violation of a statutory or constitutional right and next evaluating whether the challenged conduct was objectively reasonable in light of clearly established law. *Id.* Under this analysis, a violation of a legal right will not destroy immunity if a reasonable person could have believed that his conduct conformed to the applicable constitutional standard. *Id.* The court determines the objective reasonableness of defendants' actions as a matter of law. *Saucier v. Katz*, 533 U.S. 194, 200-201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001).

Burkes challenges whether defendants had probable cause to identify him as a suspect, specifically alleging that Waggoner and Wilcher were unreasonable in relying upon the informants' statements to link him to the crime. Accusing defendants of being motivated by malice, plaintiff says they never had any meaningful evidence of his alleged guilt.

Plaintiff's complaint alleges violations of constitutional rights pursuant to the Fourth[8] and Fourteenth[9] amendments. Finding this sufficient to meet the first prong of the analysis, the court next turns to the challenged conduct. In determining whether defendants were objectively reasonable in obtaining search warrants and seeking Burkes's arrest, the court applies a probable cause standard. *Glenn*, 242 F.3d at 313. Probable cause exists "'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed . . . an offense.'" *Id.* (quoting *Spiller v. Texas*

---

[8]United States Constitution, amendment IV protects in part against unreasonable searches and seizures, or against the issuance of warrants without probable cause.

[9]United States Constitution, amendment XIV provides plaintiff, in relevant part, with protection from State deprivation of the privileges or immunities afforded by law to United States citizens, or of liberty, without due process of law.

11

*City*, 130 F.3d 162, 165 (5th Cir. 1997).

Plaintiff's argument makes much of later events[10] that he contends cast doubt upon the charges against him.  These subsequent events are irrelevant to the court's determination of probable cause, which must confine its analysis to the officers' knowledge at the time of the challenged conduct.  Defendants submitted documents that establish the following uncontested facts:  two separate informants gave incriminating information;  Burkes failed two polygraph tests;  and, Burkes was unable satisfactorily to account for his whereabouts at the time of the crime.

Burkes argues that the evidence upon which the defendants relied does not amount to probable cause and, thus, they are not entitled to immunity.  Probable cause requires more than a bare suspicion but less than a preponderance of the evidence. *Haggerty v. Texas Southern Univ.*, 391 F.3d 653, 656 (5th Cir. 2004) (cites omitted). Where an officer mistakenly but reasonably believes probable cause exists, immunity is not lost.  *Id.*  Similarly, where officers of reasonable competence could disagree, if probable cause arguably exists, immunity should be recognized.  *Id.*  See also *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).

This court finds the facts known to the officers at the time of investigation and arrest forms an arguable basis for probable cause.  Thus, defendants Waggoner and Wilcher are entitled to the defense of qualified immunity against Burkes' constitutional claims.

---

[10]Burkes contends that Duncan and Brooks continued to fabricate evidence throughout the pre-trial proceedings, continued to hold Burkes in jail, and did not present a Nolle Prosequi in Burkes' case until October, 2005, just a few days before Burkes was released.

*Immunity under the Mississippi Tort Claims Act*:

Defendants Waggoner and Wilcher contend they are also entitled to immunity under The Mississippi Tort Claims Act [MTCA],[11] which provides the exclusive remedy for state law claims asserted against a governmental entity. *Titus v. Williams*, 844 So.2d 459, 468 (Miss. 2003). Under the MTCA, the standard by which a police officer's performance of duties is evaluated is that of "reckless disregard of the safety and well-being of any person not engaged in criminal activity ..." Miss. Code Ann. § 11-46-9(1). In this context, reckless disregard has been defined as "conscious indifference to consequences, amounting almost to a willingness that harm should follow." *Titus*, 844 So. 2d at 468 (citing *Maye v. Pearl River County*, 758 So.2d 391, 394 (Miss. 1999). Plaintiff bears the burden of proof of reckless disregard by a preponderance of the evidence. *Id.* (citing *Simpson v. City of Pickens*, 761 So.2d 855, 859 (Miss. 2000). The court has already determined, above, that probable cause existed for defendants' conduct; thus, plaintiff cannot meet this burden.

## Holding

Defendant Judge Wilcher-Thomas is entitled to judicial immunity for each of the claims asserted against her; therefore, her motion for summary judgment is GRANTED. Defendants Duncan and Brooks are similarly entitled to prosecutorial immunity and their motions to dismiss are GRANTED. Defendants Waggoner and Wilcher, having demonstrated probable cause existed for their challenged conduct, are entitled to qualified immunity on Burkes' constitutional claims and to immunity from liability under the MTCA for Burkes' state law claims. Their motion for summary

---

[11] Miss. Code Ann. §§ 11-46-1 to -23 (Rev. 2002).

judgment is also GRANTED.  As this discharges all claims against all defendants, this case is fully and finally dismissed.

      SO ORDERED AND ADJUDGED, this the 12th day of March, 2008.

                                    **s/ HENRY T. WINGATE**
                                    **CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:06-cv-142WS
Memorandum Opinion and Order